UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYMUNDO PEREZ, et al., | No. C 05-5338 PJH (JL) |
| Plaintiffs, | ORDER GRANTING IN PART MOTION TO COMPEL (Docket # 103) |
| v. | |
| SAFETY-KLEEN SYSTEMS, INC, et al., | |
| Defendants. | |

**Introduction**

All discovery in this case has been referred by the district court (Hon. Phyllis J. Hamilton) pursuant to 28 U.S.C. §626(b) and Civil Local Rule 72. The parties met and conferred by letter and telephone, as required by with this Court's Standing Order, Civil Local Rule 37 and Rule 37, Federal Rules of Civil Procedure.

Plaintiffs ask the Court to order defendant Safety-Kleen to answer interrogatories, produce documents, and produce witnesses for FRCP 30(b)(6) depositions. Plaintiffs believe that this dispute can be resolved on the basis of the parties' joint statement. Safety-Kleen believes resolution requires the Court's reviewing the precise discovery requests, the precise objections, and (in some cases) deposition testimony, as well as hearing argument on specific discovery requests, as distinguished from general argument.

The Court finds this matter appropriate for decision on the papers submitted, without oral argument, as provided by Civil Local Rule 7-1(b)**.**

## Background

This is a wage and hours case. Plaintiffs plan to file a motion for certification of a class of approximately 200 Customer Service Representatives ("CSRs") for Safety-Kleen, a national provider of parts washers, environmental services, and industrial waste management. Plaintiffs allege violations of California Labor Code, including failure to provide rest and meal breaks, and failure to provide itemized wage statements,

November 19, 2007, Plaintiffs propounded requests for production of documents and interrogatories, and noticed the depositions of Safety-Kleen's person most knowledgeable on a number fo subjects pursuant to FRCP 30(b)(6). Defendant responded with a number of objections. The district court has extended the deadline for filing discovery motions to January 17, 2008, and ordered that within one week of this Court's order on this dispute, the parties must file a joint stipulation with proposed filing and briefing dates for both class certification and dispositive motions.

## The Disputed Discovery

## Requests for Production of Documents

**Requests No. 13-14** - Plaintiffs seek to compel copies of company records reflecting usage of company cell phones by Plaintiffs and potential class members. The parties disagree as to whether carrying a cell phone renders an employee "on duty" or "on call" during his meal period. Safety-Kleen contends the cell phone records are irrelevant (1) because the records cannot show whether a call occurred during a CSRs's meal period, since CSRs were able to take meals when and if they chose, and there are no set meal periods, and (2) because being "on call" for telephone calls does not cause an employee otherwise "off duty" to be "on duty."

Safety-Kleen is relying on its own interpretation of when an employee is "on duty" or "on call" to limit Plaintiffs' discovery. Plaintiffs are entitled to discovery of any non-privileged information which may lead to admissible evidence. The cell phone records are a starting

point. Plaintiffs may be able to establish whether calls took place during meal breaks by other means. Safety-Kleen shall respond to these requests.

**Request No. 15** - Plaintiffs seek production of documents reflecting CSRs' responsibility for their vehicles while away from the branch. Safety-Kleen responded that the only document that might say something on the subject is its "Transportation Security Plan," issued pursuant to the regulations of the U.S. Department of Transportation and the Department of Homeland Security. Safety-Kleen objects that the agencies' regulations prohibit disclosure of the Plan. Safety-Kleen offers to prepare a proposed protective order but objects to production even with a protective order.

This information is relevant to CSRs' working status when away from the branch and is, by Safety-Kleen's admission, not available in any other form. Safety-Kleen and Plaintiffs shall prepare a joint proposed protective order and submit it to the Court for approval within five days of the filing of this order, and Safety-Kleen shall produce the document forthwith upon the Court's approval of the protective order.

**Interrogatories No. 3-6** - Plaintiffs seek to compel responses to a series of interrogatories regarding "duty-free meal periods." Safety-Kleen responded that CSRs did take duty-free meal periods but then went on to argue that it does not "contend" that they did. Safety-Kleen also objects that these requests call for its attorneys' mental thought processes in violation of the work product doctrine. Safety-Kleen offers Plaintiffs' deposition testimony in response.

Safety-Kleen shall provide a narrative response according to the plain language of the interrogatories, stating specific facts within the knowledge of Safety-Kleen.

**Interrogatories No. 11-13** - Plaintiffs seek information regarding what Safety-Kleen did to provide meal periods to Perez, Doane, and California CSRs. Safety-Kleen responded by reciting from Plaintiffs' deposition testimony.

Safety-Kleen shall provide a narrative response providing specific facts within the knowledge of Safety-Kleen.

**Interrogatories No. 18-21** - Plaintiffs seek to compel answers to interrogatories regarding Safety-Kleen's contentions whether CSRs were relieved of all duties during their daily meal periods, and asks Safety-Kleen to state all facts, and identify all documents and witnesses supporting its contentions. Safety-Kleen objects that its response would call for attorney work-product.

Safety-Kleen shall respond with all facts, witnesses and documents that support its contentions. Safety-Kleen shall within five days of the filing of this order provide a privilege log to the Court and to Plaintiff for any discovery withheld on the basis of privilege.

**Rule 30(b)(6) depositions** - Plaintiffs noticed depositions of Safety-Kleen's persons most knowledgeable on 13 subjects. Safety-Kleen objected, but agreed to produce an individual knowledgeable on two of the subjects, concerning practices at each of Safety-Kleens's thirteen California branches. Safety-Kleen represents that there is no one knowledgeable about the practices in question at each of the thirteen branches, but that Safety-Kleen will assign the designated persons to telephone the branches and ascertain the facts related to the two identified subjects.

Safety-Kleen contends that many of the subjects were already covered at Rule 30(b)(6) depositions noticed and taken in this case and in two related cases: *Wamboldt v. Safety-Kleen* and *Stegall v. Safety-Kleen*. Those depositions were conducted in Plano, Texas, where Safety-Kleen's corporate headquarters is located.

Safety-Kleen objects to several of Plaintiffs' subjects on the grounds that (a) they were neither relevant nor reasonably calculated to lead to discovery of admissible evidence, or (b) as written, they assumed facts not in evidence. The former includes (i) CSRs' responsibilities to carry and use company cell phones (related to a dispute over document requests) and (ii) policies and procedures to ensure CSRs were relieved of all duty when they took meal periods (also related to a document request). The latter include (i) policies and procedures concerning "on duty" meal periods and use of on-duty meal period agreements, and (ii) efforts to record meal periods. Safety-Kleen also objects to the location of the depositions, at Plaintiffs' counsel's office in Santa Rosa, California, when the

persons most knowledgeable live and work in or about Plano, Texas, where Safety-Kleen maintains its headquarters.

These subjects are relevant to CSRs' status during meal periods as discussed with respect to the document requests and interrogatories. However, it is reasonable for the depositions of Safety-Kleen's employees to be taken with the least disruption of their work and personal lives. Accordingly, these depositions shall go forward in Plano, Texas.

All discovery shall be produced within five days of the filing of this order, except as discussed above.

IT IS SO ORDERED.

DATED: January 30, 2008

_____
JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\05-5338\ORD-GIP-103.wpd