| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PEREZ, et al.,               No. C 05-5338 PJH  (JL)

     Plaintiffs,

  v.                              **ORDER**

SAFETY-KLEEN,

     Defendants.
_____/

    The Court received letters from counsel for Defendant and Plaintiffs, who are preparing for FRCP 30(b)(6) depositions of Defendant's employees, pursuant to this Court's order filed at Docket # 105. Defendant's counsel, in an e-mail he provided to the Court, says that he "[doesn't] intend to allow my witnesses to respond to examination by more than one attorney." Plaintiffs are the hundreds of members of a putative class, and contend it would be more efficient to have their attorneys ask their questions themselves rather than pass notes back and forth while one of them questions the witness.

    The law of this Circuit is that it is not a per se abuse of a witness to be questioned by more than one attorney and there is no provision of the California Civil Code governing depositions which prohibits questioning by two attorneys. See Cal.Code of Civ.Proc. §§ 2016-2036.5 (West Supp.1983). *Rockwell Intern., Inc. v. Pos-A-Traction Industries, Inc.* 712 F.2d 1324, *1325 (9th Cir.1983).

Accordingly, the depositions shall proceed and Plaintiffs may have more than one attorney question each witness, as long as such questioning is not an abuse of the witness.

IT IS SO ORDERED.

DATED: February 14, 2008

_____
JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\05-5338\order-107-109.wpd